IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEVIN LYDON,

    Petitioner,

v.                                                           Civil Action No. 2:24-cv-591

CHADWICK DOTSON,
Director of the Virginia Department of
Corrections,

    Respondent.

**FINAL ORDER**

Kevin M. Lydon ("Petitioner" or "Lydon"), a Virginia inmate proceeding *pro se*, initiated this matter by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Lydon's Objection to the Magistrate Judge's Report and Recommendation ("R&R"). Dkt. No. 20. For the reasons stated below, Lydon's Objection, Dkt. No. 24, is OVERRULED, Respondent's Motion to Dismiss, Dkt. No. 15, is GRANTED, and the Petition, Dkt. No. 1, is DENIED and DISMISSED WITH PREJUDICE.

**I. BACKGROUND**

For a complete recitation of the relevant facts, the parties are referred to the Magistrate Judge's R&R.

Lydon filed this federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting that the 2020 amendments to Virginia's statutory scheme governing earned sentence credits, Va. Code Ann. § 53.1-202.3 (the "2020 Amendment"), violate the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment, the Ex Post Facto Clause, and the Eighth

Amendment's prohibition against cruel and unusual punishment. Pet. at 18. Respondent filed a Rule 5 Answer and moved to Dismiss the Petition. Dkt. Nos. 14–16.

This matter was referred to a United States Magistrate Judge for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B) and (C); *see also* E.D. Va. Loc. Civ. R. 72. of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. On June 30, 2025, the Magistrate Judge issued the R&R recommending that this Court grant Respondent's Motion to Dismiss, Dkt. No. 15, and deny and dismiss the Petition, Dkt. No. 1, with prejudice. Dkt. No. 20 at 1, 13. The Magistrate Judge concluded that (1) Lydon's Equal Protection Clause claim lacks merit because Lydon fails to demonstrate that he has been treated differently from others with whom he is similarly situated, (2) the 2020 Amendment does not violate Lydon's rights under the Ex Post Facto Clause, and (3) the 2020 Amendment does not subject Lydon to cruel and unusual punishment in violation of the Eighth Amendment. *Id.* at 6–12.

Lydon timely objected to the R&R. Pet. Obj., Dkt. No. 24. Lydon raised objections to the Magistrate Judge's analysis of his Equal Protection Clause claim and his Ex Post Facto Clause claim. *Id.* at 3-9. Lydon does not raise objections to the Magistrate Judge's analysis of his Eighth Amendment claim. *See generally id.*

## II. LEGAL STANDARD

A federal court may grant habeas relief for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a petition is referred to a Magistrate Judge for a R&R, "the magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*,

816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). If a specific objection to the report and recommendation is made, the Court "shall make a *de novo* determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to conduct a review or provide an explanation for adopting the factual or legal conclusions of the magistrate judge's report and recommendation to which no objection is made. Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (Table) (4th Cir. 1992); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the report and recommendation where a party has made a specific written objection. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). In reviewing those portions of the R&R to which Lydon has objected, this Court will consider the fact he is acting *pro se*, and his pleadings will be liberally construed. *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. ANALYSIS

Lydon first objects to the Magistrate Judge's analysis of his equal protection claim. Pet. Obj. at 3-5. Lydon contends that the 2020 Amendment violates his rights under the Equal Protection Clause because he is not entitled to the enhanced earned sentence credits that are available to other offenders due solely to the criminal offenses for which he was convicted. *Id.* The Equal Protection Clause provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This "requirement 'does not take from the States all power of classification,' but 'keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Pers. Adm'r v. Feeney*, 442 U.S. 256, 271 (1979), and *Nordlinger v. Hahn*,

3

505 U.S. 1, 10 (1992)). To prevail on an equal protection claim, a litigant "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Only if such a showing is made does "the court proceed[ ] to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.*

Lydon argues that prior to the 2020 Amendment, "every offender in the VADOC that was convicted after 1-1-95 were similarly situated and permitted to earn the same rate of good time credits." Pet. Obj. at 3. Lydon's argument is flawed because it focuses on the treatment of inmates prior to the 2020 Amendment rather than the treatment of inmates following the 2020 Amendment. And under the 2020 Amendment, the state inmates that are similarly situated to Lydon are those convicted of an offense under Subsection (A). Under the 2020 Amendment, all state inmates convicted of an offense under Subsection (A) *are* treated the same. In *Dudley v. Dotson*, another court in this district dismissed a similar challenge to the 2020 Amendment, finding that the inmate "has not alleged that he is being treated differently from others with those with whom he is actually similarly situated and is 'in all relevant respects alike.'" No. 1:24cv451, 2025 WL 1582463, at *3 (E.D. Va. June 4, 2025) (quoting *Nordlinger*, 505 U.S. at 10)). The same outcome is required here.

Lydon also objects to the Magistrate Judge's analysis of his Ex Post Facto Clause claim. Pet. Obj. at 6-9. The United States Constitution prohibits states from enacting ex post facto laws. U.S. Const. art. I, § 10, cl. 1 (providing that "[n]o state shall . . . pass any . . . *ex post facto* Law"). A statute violates the Ex Post Facto Clause if it "punishes as a crime an act previously committed, which was innocent when done; . . . makes more burdensome the punishment for a crime, after its commission, or . . . deprives one charged with [a] crime of any defense available according to law

4

at the time when the act was committed[.]" *Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (citation omitted). The "controlling inquiry" is whether retroactive application of the changed law creates a "sufficient risk of increasing the measure of punishment[.]" *Garner v. Jones*, 529 U.S. 244, 250 (2000) (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995)).

Courts have applied the Ex Post Facto Clause to state statutes that seek to change sentence credit programs much like the earned sentence credits system in Virginia. Lydon cites two such cases—*Weaver v. Graham*, 450 U.S. 24 (1981), and *Lynce v. Mathis*, 519 U.S. 433 (1997)—to support his argument that the 2020 Amendment violates the Ex Post Facto Clause. Pet. Obj. at 6. In *Weaver*, the Supreme Court held that a Florida law that reduced the availability of good time credits from the levels available at the time the inmate committed the offense "r[an] afoul of the prohibition against *ex post facto* laws" because "the new provision constricts the inmate's opportunity to earn early release, and thereby makes more onerous the punishment for crimes committed before its enactment." 450 U.S. at 35-36. In *Lynce*, the inmate had earned sentence credits that were included in the determination that he could be released from custody. 519 U.S. at 435. Later, Florida "retroactively canceled" credits an inmate had earned, and the retroactive cancelling of the credits "resulted in his" being rearrested after his release and in his "prolonged . . . imprisonment." *Id.* at 446-47. However, Lydon's reliance on *Weaver* and *Lynce* is misplaced because those cases are factually distinguishable from his claim.

The 2020 Amendment neither creates a new crime nor deprives Lydon of a previously existing defense. Further, it does not increase the possible punishment above what was permitted when Lydon committed the underlying offenses. The 2020 Amendment also does not reduce the amount of earned sentence credits or the rate of accrual from the levels available when Lydon committed the underlying offenses. Lastly, it does not permit the VDOC to—and the VDOC did

5

not—reduce already applied or vested sentence credits. For these reasons, the 2020 Amendment both facially and as applied to Lydon, does not violate the prohibition of the Ex Post Facto Clause.

As to all other enumerated "objections" that are not specific and/or not responsive to the Magistrate Judge's ruling, the Court has reviewed the record and has found no clear error. *See Doss v. Clarke*, No. 7:14cv15, 2015 WL 1383234, at *2 (W.D. Va. Mar. 23, 2015) (explaining that "clear error" review applies in the absence of a "specific objection" to a finding in the R&R); *Hart v. Warden of Broad River Corr. Inst.*, C.A. No. 0:09-997, 2010 WL 2232213, at *2 (D.S.C. June 3, 2010) (declining to individually analyze all but one objection because the majority of the objections were "non-specific," "unrelated to the dispositive portions" of the R&R, or "merely restat[ed]" the petitioner's claims). Accordingly, all of Lydon's objections to the R&R's analysis of his habeas petition are OVERRULED.

## IV. CONCLUSION

Following careful consideration, the Court ACCEPTS and ADOPTS IN WHOLE the findings and recommendations set forth in the R&R. Accordingly, Lydon's Objection, Dkt. No. 24, is OVERRULED, Respondent's Motion to Dismiss, Dkt. No. 15, is GRANTED, and Lydon's Petition, Dkt. No. 1, is DENIED and DISMISSED WITH PREJUDICE.

Petitioner has failed to demonstrate a "substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003).

Petitioner is ADVISED that because a certificate of appealability is denied by this Court, he may seek a certification from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Petitioner intends to seek a

certificate of appealability from the Fourth Circuit, he must do so within thirty (30) days from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk shall mail a copy of this Order to Petitioner and counsel of record for Respondent.

It is so ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: September 10, 2025